IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01742-BNB

CLAUDE McCLAIN,

    Plaintiff,

v.

D. BERKEBILE, Warden, F.P.C. Florence,
FNU MNU LNU, Regional Medical Director, North Central Region, Federal Bureau of
    Prisons, and
DR. SANTINI, Physician Care Provider, F.P.C. Florence,

    Defendants.

---

### SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

Plaintiff, Claude McClain, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Prison Camp in Florence, Colorado. Mr. McClain initiated this action by filing *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) claiming that he is being denied proper medical treatment in violation of his Eighth Amendment rights. On July 3, 2013, the court entered an order directing Mr. McClain to cure certain deficiencies if he wishes to pursue his claim in this action. More specifically, the court directed Mr. McClain to file on the proper forms a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and to submit in support of the 28 U.S.C. § 1915 motion a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of this action and an

authorization to calculate and disburse filing fee payments.

On July 29, 2013, Mr. McClain filed on the proper form a Prisoner Complaint (ECF No. 5).  He also submitted a document (ECF No. 6) that includes a statement from Mr. McClain regarding the other deficiencies he was ordered to cure and a certified copy of his inmate trust fund account statement.  Mr. McClain has not filed on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and he has not submitted an authorization to calculate and disburse filing fee payments.  Mr. McClain apparently alleges in the statement that he does not have access to the necessary authorization form.  In addition, the inmate account statement Mr. McClain submitted is incomplete because the account statement does not include information regarding the balance in the account.

Mr. McClain will be given one more opportunity to cure the remaining deficiencies in this action.  In order to cure the remaining deficiencies, he must file on the court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and he must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of this action and a signed authorization to calculate and disburse filing fee payments.  Mr. McClain is advised that the necessary authorization form to calculate and disburse filing fee payments is included as part of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form.  Accordingly, it is

ORDERED that Mr. McClain cure the remaining deficiencies **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. McClain shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that, if Mr. McClain fails to cure the remaining deficiencies within the time allowed, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED July 29, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge