IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01742-BNB

CLAUDE McCLAIN,

      Plaintiff,

v.

D. BERKEBILE, Warden, F.P.C. Florence,
FNU MNU LNU, Regional Medical Director, North Central Region, Federal Bureau of
      Prisons, and
DR. SANTINI, Physician Care Provider, F.P.C. Florence,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Claude McClain, is a prisoner in the custody of the Federal Bureau of

Prisons at the Federal Prison Camp in Florence, Colorado.  Mr. McClain has filed *pro se*

a Prisoner Complaint (ECF No. 5) claiming his rights under the United States

Constitution have been violated.  He seeks damages as well as injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. McClain is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. McClain will be ordered to file an amended complaint if he wishes to pursue

his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. McClain fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to allege clearly and concisely how each Defendant personally participated in the asserted violations of his rights.  Because Mr. McClain is asserting constitutional claims against Defendants in their individual capacities, allegations of "personal participation in the specific constitutional violation complained of [are] essential."  *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).  Mr. McClain's vague and generic assertions that "Defendants" have been deliberately indifferent to his serious medical needs is not sufficient to demonstrate personal participation by each named Defendant.  In addition, to the extent Mr. McClain may be

seeking to hold one or more Defendants liable for denying administrative grievances, the court notes "that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

For these reasons, Mr. McClain will be ordered to file an amended complaint. For each claim he asserts in the amended complaint, Mr. McClain "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. McClain file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. McClain shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. McClain fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without

further notice.

DATED August 22, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge