IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01742-BNB

CLAUDE McCLAIN,

    Plaintiff,

v.

D. BERKEBILE, Warden, F.P.C. Florence,
FNU MNU LNU, Regional Medical Director, North Central Region, Federal Bureau of
    Prisons,
DR. SANTINI, Physician Care Provider, F.P.C. Florence,
D. K. GRIGGS, Camp Administrator,
MS. S. BEIRKER, Case Manager, and
MS. B. VANHUA, Medical Administrator of Medical Records,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Claude McClain, is a prisoner in the custody of the federal Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. McClain initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) claiming that his Eighth Amendment rights have been violated because he is being denied adequate medical treatment. On July 3, 2013, Magistrate Judge Boyd N. Boland entered an order advising Mr. McClain that he could not pursue his Eighth Amendment claim in a habeas corpus action and directing him to file an amended pleading using the court-approved Prisoner Complaint form.

On July 29, 2013, Mr. McClain filed a Prisoner Complaint (ECF No. 5). On August 22, 2013, after reviewing the Prisoner Complaint, Magistrate Judge Boland

test
test

ordered Mr. McClain to file an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Magistrate Judge Boland specifically determined that Mr. McClain failed to provide a short and plain statement of his claims showing he is entitled to relief because he failed to allege clearly and concisely how each named Defendant personally participated in the asserted constitutional violations.  Magistrate Judge Boland specifically advised Mr. McClain that, to the extent he sought to hold one or more Defendants liable for denying administrative grievances, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

On September 5, 2013, Mr. McClain filed an amended Prisoner Complaint (ECF No. 15) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Mr. McClain asserts three claims for relief in the amended Prisoner Complaint contending that his Eighth Amendment rights have been violated.  He seeks damages and injunctive relief.

The Court must construe the amended Prisoner Complaint liberally because Mr. McClain is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  See *id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. McClain's claims in the amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous.

Mr. McClain alleges in his first claim in the amended Prisoner Complaint that he has been denied adequate medical treatment by a prison doctor, Defendant Dr. Santini. He alleges in his second claim that Defendant D. Berkebile, the prison camp warden, was deliberately indifferent to his serious medical needs because he was aware of the allegedly inadequate medical treatment and failed to order medical staff to provide adequate medical treatment despite having the authority to do so. Mr. McClain alleges in his third claim that the BOP regional medical director, who responded to his regional administrative remedy appeal, was deliberately indifferent to his serious medical needs because the BOP regional medical director rejected the appeal on procedural grounds and ignored the substance of the claim Mr. McClain raised in the appeal. Mr. McClain does not assert any claims against Defendants D. K. Griggs, Ms. S. Beirker, and Ms. B. Vanhua. Therefore, these three Defendants will be dismissed as parties to this action.

Mr. McClain's claim against the BOP regional medical director, claim three in the amended Prisoner Complaint, also will be dismissed because that claim is legally

frivolous. In particular, the Court finds that the claim asserted against the BOP regional medical director is legally frivolous because Mr. McClain fails to allege specific facts that demonstrate the BOP regional medical director personally participated in the asserted Eighth Amendment violation.

Individual liability under *Bivens* must be based on the individual's personal involvement in the alleged constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, as Mr. McClain was advised in the order directing him to file an amended Prisoner Complaint, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation." *Gallagher*, 587 F.3d at 1069.

Mr. McClain alleges in claim three in the amended Prisoner Complaint only that the BOP regional medical director rejected a regional administrative remedy appeal on procedural grounds. There is no allegation that the BOP regional medical director actually denied him medical treatment in any way. In fact, Mr. McClain specifically asserts that the BOP regional medical director did not review the medical records submitted with the regional administrative remedy appeal and did not make a medical review of those records. Therefore, the Court finds that Mr. McClain fails to allege facts that demonstrate the BOP regional medical director personally participated in the alleged denial of adequate medical care. *See id.* As a result, claim three in the amended Prisoner Complaint will be dismissed as legally frivolous and the BOP regional medical director also will be dismissed as a party to this action.

The Court will not address at this time the merits of Mr. McClain's remaining claims against Dr. Santini and Warden Berkebile. Instead, the action will be drawn to a

district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C.  Accordingly, it is

ORDERED that Defendants  D. K. Griggs, Ms. S. Beirker, and Ms. B. Vanhua are dismissed as parties to this action because Plaintiff does not assert any claims against them.  It is

FURTHER ORDERED that claim three in the amended Prisoner Complaint (ECF No. 15) is dismissed as legally frivolous.  It is

FURTHER ORDERED that the Defendant identified in the caption of the amended Prisoner Complaint (ECF No. 15) as FNU MNU LNU, Regional Medical Director, North Central Region, Federal Bureau of Prisons, is dismissed as a party to this action because the claim against him or her is legally frivolous.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this   26th   day of     September       , 2013.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court